IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **JENNIFER KING** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **MIDLAND FUNDING LLC,** ) | |
| ) | |
| **Defendant.** ) | <u>Jury Trial Demanded</u> |
| ) | |
| ) | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff Jennifer King (hereinafter referred to as "Plaintiff") is a natural person who resides in Greene County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding LLC (hereinafter "Defendant Midland") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process as follows: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

6. Defendant Midland Funding has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by HSBC Bank Nevada N.A. (hereinafter "HSBC")

7. Prior to April 26, 2010, the debt was sold or otherwise transferred to Defendant Midland Funding for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant Midland Funding, all in an attempt to collect this debt.

### *Collection Lawsuit*

8. Within one year prior to the filing of this Complaint, on or about April 26, 2010, Defendant Midland Funding filed a Civil Warrant and Affidavit against Plaintiff in the General Sessions Court of Greene County, Tennessee (hereinafter "collection lawsuit"). A copy of the April 26, 2010 collection lawsuit is filed as Collective Exhibit 1 to this Complaint.

9. The Civil Warrant is a "communication" as defined by 15 U.S.C. § 1692a(2), and was made in connection with collection of a debt and in an attempt to collect a debt.

10. The Civil Warrant stated that the amount due was $4,438.00, including principal in the amount of $3,485.84, and reasonable attorney fees in the amount of $697.17. See, Exhibit 1, p. 1.

11. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2), and was made in connection with collection of a debt and in an attempt to collect a debt.

12. The sworn Affidavit stated that the amount due was $3,485.84 plus interest and a reasonable attorney's fee, if applicable. See, Exhibit 1, p. 2, ¶ 3.

13. The collection lawsuit was filed by Defendant Midland Funding against Plaintiff in an attempt to collect a debt.

14. The filing of a collection lawsuit is a collection activity. See, *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005) ("Finally, defendants' argument that a lawsuit to collect a debt is not 'collection activity' is patently frivolous. The case cited by defendants in support of this argument, *Vega v. McKay,* 351 F.3d 1334 (11th Cir.2003), merely held that a lawsuit did not constitute an 'initial communication' triggering FDCPA notice requirements. Nothing in this holding suggests that a lawsuit does not constitute an attempt to collect a debt, which it obviously does."); Also, see, *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (the United States Supreme Court equated litigation with collection activities) ("In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts. See, e. g., Black's Law Dictionary 263 (6th ed. 1990) ('To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings'" *Id*. at 294)); *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir.1997) ("The debt collector is perfectly free to sue within thirty days; he just

must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor"); *McDaniel v. South & Assocs., P.C.*, 325 F.Supp.2d 1210, 1217 (D.Kan.2004)(finding that under the FDCPA, a debt collector cannot file a lawsuit after the consumer disputes the debt because that would be considered collection activity).

*Collection Service Licensing*

15. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

16. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

17. As of the date of the filing of the collection lawsuit against Plaintiff, Defendant Midland Funding had not applied for or been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts in Tennessee.

18. Defendant Midland Funding failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

19. Any procedures maintained (i.e., actually employed or implemented) by Defendant Midland Funding to avoid errors under the FDCPA failed to avoid using false, deceptive,

or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchase by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

20. Any procedures maintained (i.e., actually employed or implemented) by Defendant Midland Funding to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

21. Any procedures maintained (i.e., actually employed or implemented) by Defendant Midland Funding to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

22. By attempting to collect the debt from Plaintiff at a time when Defendant Midland Funding was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Midland Funding violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010) ("See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471 (M.D.La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1451-52 (D.Nev. 1994) (finding

failure to register as a debt collector under Nevada law violated 15 U.S.C. § 1692f); *Gaetano v. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by state authorities.'"); Also, see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.).

### *Summary*

23. The above-detailed conduct by Defendant Midland Funding in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*

25. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.
26. The foregoing acts and omissions of Defendant Midland Funding constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant Midland Funding's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant Midland Funding.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Midland Funding:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Midland Funding and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant Midland Funding, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Midland Funding and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/25/11                              Respectfully submitted,

                                      **JENNIFER KING,**

                                      _/s/ Alan C. Lee_
                                      Alan C. Lee, Esq., BPR # 012700
                                      Attorney for Plaintiff
                                      P. O. Box 1357
                                      Talbott, TN 37877-1357
                                      (423) 736-0201
                                      info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF GREENE )

Plaintiff Jennifer King, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant Midland Funding(s), cause unnecessary delay to any Defendant Midland Funding(s), or create a needless increase in the cost of litigation to any Defendant Midland Funding(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 4-22-11    By: _Jennifer King_
                     Jennifer King

Subscribed and sworn to before me this _22_ day of April 2011.

_Buffie E. Shepherd_
Notary Public
exp. 8-21-13

[Notary Seal: BUFFIE ELAINE SHEPHERD, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF GREENE]